UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAPHNE STEGMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT STEVEN CARROLL, M.D.; RALPHS PHARMACY INC. (Corporate Form Unknown); Ralphs Grocery Company (Corporate Form Unknown); and DOES 1-50, inclusive<br><br>　　　　Defendants. | Case No. 2:24-cv-08623-JAK (Ex)<br><br>**ORDER RE MOTION TO REMAND CASE TO SUPERIOR COURT (DKT. 12)**<br><br>JS 6 |

On May 23, 2024, Plaintiff Daphne Stegman ("Plaintiff") filed this action in the Los Angeles Superior on behalf of her decedent daughter who allegedly used Pamelor, which is a medication, that allegedly caused her death. Dkt. 1-5. On August 8, 2024, the First Amended Complaint ("FAC"), which is the operative one, was filed in which the following defendants are named: Robert Steven Carroll, M.D.; Ralphs Pharmacy, Inc.; Ralphs Grocery Company; Taro Pharmaceuticals, USA, Inc.; and Does 1-50, inclusive. Dkt. 1-4. The FAC advances the following causes of action:

1. Medical Malpractice and Wrongful Death (C.C.P. § 337.60)
2. Strict Liability – Design Defect
3. Strict Liability – Failure to Warn
4. Negligence
5. Breach of Express Warranties
6. Breach of Implied Warranties
7. California Unfair Competition Law
8. Survivors' Claim (C.C.P. 337.30)

On October 7, 2024, Taro Pharmaceuticals, USA, Inc. ("Taro") removed the action based on diversity jurisdiction. Dkt. 1. On November 1, 2024, Plaintiff filed a Motion to Remand Case to Superior Court ("Motion"). Dkt. 12. On November 12, 2024, a stipulation was filed in which Plaintiff and Taro agreed that it would be dismissed as a defendant in this action. Dkt. 15. The stipulation was approved through a corresponding order. Dkt. 16. Accordingly, the Motion, to which no opposition had been filed, became moot as to Taro.

On November 17, 2024, an Order issued stating that any of the remaining defendants could file an opposition to the Motion, on or before November 21, 2024. Dkt. 17. No opposition has been filed by any of the remaining defendants. Further, on November 20, 2024, Ralphs Grocery Company joined the Motion. Dkt. 18.

Based on a review of these filings and non-opposition the Motion, it has been determined that, pursuant to Local Rule 7.15, the Motion can be decided without a

hearing. Accordingly, the Motion is taken under submission and addressed in this Order.

For the reasons stated in this Order, the Motion is **GRANTED**. Local Rule 7-12 provides that the failure by a non-moving party to file any opposition to a pending motion may be deemed as consent by that party to granting the motion; provided, however, L.R. 7-12 does not apply to a non-opposition to a motion for summary judgment. The Motion is within the scope of L.R. 7-12, and no non-moving party has filed any opposition notwithstanding being provided with notice of the opportunity to do so. Further, the only response filed as to the Motion by any of the remaining defendants was a joinder by Ralphs Grocery Company. Therefore, because the Motion is unopposed, it is **GRANTED**. This matter is **REMANDED** to the Los Angeles Superior Court at its Van Nuys Courthouse East, Case No. 24VECV02444.

**IT IS SO ORDERED.**

Dated:   December 2, 2024

John A. Kronstadt
United States District Judge